UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| ERNESTINE GABLE | CIVIL ACTION NO. 6:17-cv-01143 |
|---|---|
| VERSUS | JUDGE JAMES |
| COMMISSIONER OF SOCIAL SECURITY | MAGISTRATE JUDGE HANNA |

**ORDER**

Currently before the court is the "Ex Parte Motion for Approval of Attorney Fee Agreement," which was filed by Edward J. Cloos, III, the attorney for the plaintiff, Ernestine Gable. (Rec. Doc. 22). The Commissioner of Social Security does not oppose an award of attorneys' fees to Mr. Cloos for his work on Ms. Gable's behalf before the agency, but opposed the plaintiff's request for court approval of the fee agreement. (Rec. Doc. 24).

In support of the motion, Mr. Cloos explained that he is seeking to recover attorneys' fees for successfully representing Ms. Gable in administrative proceedings before the Commissioner of the Social Security Administration. He further explained that he was told by an employee of the Morgan City, Louisiana district office of the Social Security Administration that court approval of his fee agreement with Ms. Gable was necessary for him to be paid the requested attorneys' fees. Ms. Gable's counsel provided no statutory or jurisprudential authority for court approval of a fee agreement in this context, and this Court located no such authority.

Sections 406(a) and 406(b) of the Social Security Act provide for the discretionary award of attorneys' fees out of the past-due benefits recovered by a successful claimant in an action seeking an award of Social Security benefits. Section 406(a) allows an attorney to receive fees for representation of a benefits claimant in administrative proceedings before the Commissioner of Social Security, while Section 406(b) allows an attorney to receive fees for representation of a benefits claimant in a judicial proceeding before a court. These fees are paid out of the past-due benefits paid to the claimant.

> Section 406(a). . . includes two ways to determine fees for representation before the agency, depending on whether a prior fee agreement exists. If the claimant has a fee agreement, subsection (a)(2) caps fees at the lesser of 25% of past-due benefits or a set dollar amount—currently $6,000. . . Absent a fee agreement, subsection (a)(1) gives the agency authority to "prescribe the maximum fees which may be charged for services performed in connection with any claim" before the agency. If the claimant obtains a favorable agency determination, the agency may allot "a reasonable fee to compensate such attorney for the services performed by him."[1]

In this case, Mr. Cloos had a fee agreement with Ms. Gable (Rec. Doc. 22-3 at 3) and he seeks to be paid attorneys' fees in accordance with that agreement under Section 406(a). In such a situation, the statute requires approval of the fee agreement by the Commissioner of Social Security. Section 406(a) states that upon

---

[1] *Culbertson v. Berryhill*, 139 S.Ct. 517, 520 (2019) (internal citations omitted).

presentation of an appropriate fee agreement, "the Commissioner of Social Security shall approve that agreement."[2] Furthermore, "the authority for setting fees for representation in agency proceedings rests exclusively with" the Commissioner of Social Security.[3]

This Court therefore finds that it lacks authority to approve an attorney's agreement with his client for the recovery of attorneys' fees for the representation of the client in administrative proceedings before the Commissioner of Social Security. Accordingly, the fee agreement between Mr. Cloos and Ms. Gable must be approved by the Commissioner and cannot be approved by the court. For these reasons,

IT IS ORDERED that the motion for approval of attorney fee agreement (Rec. Doc. 22) is DENIED.

Signed at Lafayette, Louisiana, this 25th day of October 2019.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[2] 406 U.S.C. § 406(a)(2)(A).

[3] *Brown v. Sullivan*, 917 F.2d 189, 191 (5th Cir. 1990), overruled on other grounds by *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002).